IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMIE LYNN BAKER,                    :
                                     :
                  Petitioner,        :
                                     :
       v.                            :        Civil Action No. 23-433-CFC
                                     :
KIMBERLY HUGHEY, Warden, and         :
ATTORNEY GENERAL OF THE              :
STATE OF DELAWARE,                   :
                                     :
                  Respondents.       :

_____

Jamie Lynn Baker. *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

_____

## **MEMORANDUM OPINION**

December 26, 2024
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Jamie L. Baker's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss. (D.I. 8) Petitioner did not file a reply in opposition, and the Court granted the State leave to file the Motion to Dismiss on August 19, 2024. (D.I. 12) For the reasons discussed below, the Court will grant the State's Motion to Dismiss (D.I. 13), and dismiss the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.    BACKGROUND

In 2014, Petitioner was indicted for first-degree murder and other offenses arising from the poisoning death of her husband, James D. Baker II. (D.I. 9-1 at Entry No. 1) On February 6, 2017, Petitioner pled guilty to the lesser-included offense of second degree murder, and the State entered a *nolle prosequi* on the remaining charges. (D.I. 9-1 at Entry No. 43; D.I. 9-3 at 23) On March 30, 2017, the Superior Court sentenced Petitioner to fifty years at Level V incarceration, suspended after forty years for decreasing levels of supervision. (D.I. 9-1 at Entry No. 44; D.I. 9-3 at 41) Petitioner did not file a direct appeal.

On February 20, 2018, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 9-1 at 10, Entry Nos. 49 & 68) On November 19, 2018, a Superior Court Commissioner issued a Report and Recommendation that Petitioner's Rule 61 motion should be

denied as procedurally barred and meritless.  (D.I. 9-1 at Entry No. 66); *State v. Baker*, 2018 WL 6177175, at *5 (Del. Super. Ct. Nov. 19, 2018).  On June 25, 2019, the Superior Court adopted the Report and Recommendation and denied Petitioner's Rule 61 motion.  (D.I. 9-1 at Entry No. 68; D.I. 9-3 at 60-62)  Petitioner did not appeal that decision.

On December 30, 2022, Petitioner filed a motion for sentence review, which the Superior Court denied as untimely on January 5, 2023.  (D.I. 9-1 at Entry Nos. 72 & 73)  The Delaware Supreme Court affirmed that judgment on April 6, 2023.  *See Baker v. State,* 295 A.3d 1100 (Table), 2023 WL 2854232 (Del. Apr. 6, 2023).

In April of 2023, Petitioner filed in this Court the instant Petition asserting the following three ineffective assistance of counsel Claims: (1) defense counsel failed to obtain information from the State regarding the forensic chemist's "handling of evidence" (D.I. 1 at 5); (2) defense counsel misled Petitioner about the penalties she faced (D.I. 1 at 7); and (3) defense counsel permitted her to plead guilty when she was under the influence of prescribed medication (D.I. 1 at 8).

## II.    ONE YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable tolling.  *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).  A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence.  *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Consequently, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time period allowed for seeking direct review.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153,

3

158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on March 30,

2017. Since Petitioner did not appeal that judgment, her conviction became final on

May 1, 2017,[1] when the thirty-day appellate period expired. *See* Del. Supr. Ct. R. 6

(a)(iii) (establishing a thirty-day filing period for criminal appeals). Applying the one-year

limitations period to that date, Petitioner had until May 1, 2018 to timely file a habeas

petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a)

applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3

(D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to

the anniversary method, *i.e.*, the limitations period expires on the anniversary of the

date it began to run). Petitioner, however, did not file the instant Petition until April 11,

2023,[2] almost five full years after that deadline. Thus, the Petition is time-barred and

should be dismissed, unless the limitations period can be statutorily or equitably tolled,

or Petitioner makes a gateway showing of actual innocence. *See Jones,* 195 F.3d at

158; *see Wallace*, 2 F.4th at 151 (explaining that actual innocence is an "exception to

the statute of limitations" rather than an "extension to the statute of limitations via

equitable tolling."). The Court will discuss each doctrine in turn.

---

[1] The last day of the thirty-day appeal period fell on a weekend. Therefore, the appeal period extended through the end of the day on Monday, May 1, 2017. *See* Del. Supr. Ct. R. 11(a).

[2] Pursuant to the prison mailbox rule, the Court adopts as the filing date the date on which Petitioner placed the Petition the prison mailing system—April 11, 2023. (D.I. 1 at 15); *see Longenette v. Krusing*, 322 .F.3d 758, 762 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, AEDPA's one-year statute limitations started to run on May 2, 2017, and ran for 294 days until Petitioner filed her Rule 61 motion on February 20, 2018. The Superior Court denied the Rule 61 motion on June 25, 2019, and she did not appeal that decision. Consequently, the Rule 61 motion tolled the limitations period from February 20, 2018 through July 24, 2019, which includes the thirty-day appeal period. *See* Del. Sup.Ct. R. 6(a)(iv).

5

The limitations clock started to run on July 25, 2019, and ran the remaining 71 days of the limitations period without interruption until the limitations period expired on October 4, 2019. Petitioner's motion for sentence review, filed on December 30, 2022 (D.I. 9-1 at Entry No. 72) does not trigger statutory tolling because it was filed after the limitations period had already expired. Consequently, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the

6

extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstance prevented her from timely filing the instant Petition. To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Given these circumstances, the Court concludes that equitable tolling is not available to Petitioner on the facts she has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151.

Petitioner appears to allege that she is actually innocent of the crime because two toxicology studies indicated there were no toxins in her husband's blood. (D.I. 1 at 5) The record contains a toxicology report that was provided to the defense before Petitioner entered a guilty plea, and nothing in the record indicates that the "toxicology

7

studies" referenced by Petitioner are new toxicology reports that were unavailable when she entered her plea.  (D.I. 9-2 at 4-10)  Therefore, the toxicology studies do not constitute new reliable evidence of innocence as contemplated by *Schlup*.

For all these reasons, the Court concludes that the Petition is time-barred.  Thus, the Court will grant the State's Motion to Dismiss and dismiss the Petition.

## III.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability.  The Court will enter an order consistent with this Memorandum Opinion.

8